# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SUSAN SMITHSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:08-CV-3367-JOF |
| GREAT NORTHERN INSURANCE : | |
| COMPANY and FEDERAL : | |
| INSURANCE COMPANY, : | |
| : | |
| Defendants. : | |

## OPINION AND ORDER

This matter is before the court on Defendant Great Northern Insurance Company's motion for default judgment on counterclaims [9] and Plaintiff's motion for extension of time to file answer to counterclaims [12].

Plaintiff, Susan Smithson, filed suit against Defendants, Great Northern Insurance Company and Federal Insurance Company, in the Superior Court of Fulton County on September 24, 2008, alleging breach of contract and bad faith for failure to pay on an insurance claim. Defendant Great Northern removed the suit to this court on October 30, 2008, and the same day Great Northern filed an answer and counterclaim alleging that Plaintiff had made claims on her insurance for reimbursement of rental and moving expenses

she knew to be false. Great Northern contends it relied on those fraudulent misrepresentations in paying Plaintiff $2,351,659 under the terms of her policy.

Plaintiff did not file a response to the counterclaim within twenty days, and on November 26, 2008, Great Northern moved for the entry of default under Rule 55(a). The court notes that several errors exist in the docket with respect to the description of this motion. Although the underlying motion and brief are correctly styled as motions for entry of default, the docket lists Entry No. 9 as a motion for default judgment. Further, Defendant's brief in support of the motion is listed as a "response" on Docket Entry No. 10.

Later that same day, Plaintiff filed an answer to the counterclaims and a motion for extension of time to file answer two days late pursuant to Federal Rule of Civil Procedure 6(b). Plaintiff contends that a two-day delay has not caused prejudice to any party as discovery has not yet begun and Plaintiff's counsel immediately filed the answer upon learning of the delay. Plaintiff further avers that her delay was not wilful and she has meritorious defenses to the counterclaim. Defendant argues that it was mandatory for the Clerk of the Court to enter default because Plaintiff's answer to the counterclaim was late. Defendant contends, therefore, that Plaintiff must satisfy the conditions for reopening default. In the alternative, Defendant contends that Plaintiff is not entitled to an extension of time to file her answer because she filed the request after the deadline for the answer had passed and she cannot show excusable neglect.

AO 72A
(Rev.8/82)

The court notes that the Clerk of the Court did not enter default because Defendant's motion was styled as a motion for default judgment rather than a motion for entry of default. If the court views the situation as arising under the entry of default, Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." "Good cause" is a mutable standard that varies from situation to situation and is not subject to a precise formula. *Compania Interamericana Export-Import v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The court may consider (1) whether the party has a meritorious defense, (2) how promptly the party acted to cure the default, (3) whether the default was willful, and (4) whether the non-defaulting party would be prejudiced. These factors are not "talismanic," however, and courts have examined a number of others. *Id.* at 951. Whatever factors are employed, the court's overriding concern is the strong public policy in favor of determining cases on their merits. *See Fla. Phy.'s Ins. v. Ehlers*, 8 F.3d 780 (11th Cir. 1993) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984)).

Here, the court finds that Plaintiff is able to establish "good cause" because there is no indication in the record that the default was willful, Plaintiff promptly corrected the default, there is no prejudice to Defendant, and Plaintiff has a plan of defense, although the court does not comment on the viability of that defense at this time. Finally, the law surely prefers the resolution of a $2.3 million counterclaim to occur on the merits.

3

In the alternative, under Rule 6(b), the court may grant a motion to extend time to file after the deadline has expired if the party failed to act because of excusable neglect. *Id.* Courts have discussed the concept of "excusable neglect" in a variety of contexts. In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), the Supreme Court held that under Rule 60(b), "excusable neglect" should be an "elastic concept" and an attorney's inadvertent failure to file a proof of claim within the time permitted could constitute "excusable neglect" under the Bankruptcy Rules. *Id.* at 393-94. The *Pioneer* court indicated that "at least for the purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.*

> With regard to determining whether a party's neglect of a deadline is excusable, we are in substantial agreement with the factors identified by the Court of Appeals. Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 392, 395 (noting that the bankruptcy rule was modeled after Rule 6(b), referring to Rule 6(b) precedent in reaching its result, and noting that Courts of Appeals "generally recognize that 'excusable neglect' may extend to inadvertent delays").

4

The Eleventh Circuit applied *Pioneer* in *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996). There, the court held that a "failure in communication between the associate attorney and lead counsel" and the "resulting inaction" was an "omission caused by carelessness" and could be considered excusable neglect under *Pioneer*. *Compare Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996 (11th Cir. 1997) (applying *Pioneer* and holding that attorney's misunderstanding of the law cannot constitute excusable neglect under *Pioneer*). For the same reasons that the court would reopen an entry of default in this case, the court would also grant a two-day extension to file an answer.

Thus, the court DENIES Defendant's motion for default judgment on counterclaims [9] and GRANTS Plaintiff's motion for extension of time to file answer to counterclaims [12].

**IT IS SO ORDERED** this 5th day of March 2009.

                                                                   s/ J. Owen Forrester
                                                         J. OWEN FORRESTER
                           SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)